UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LELAND H. BENNETT,** | ) | **CASE NO. 4:12cv1494** |
| | ) | |
| PLAINTIFF, | ) | **JUDGE SARA LIOI** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **UNITED STATES POSTAL SERVICE,** | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Leland H. Bennett ("plaintiff" or "Bennett") filed this action in the Youngstown Municipal Court, Small Claims Division on June 1, 2012 against the United States Postal Service ("USPS"). In the complaint, plaintiff alleges defendant USPS tampered with and improperly delivered his mail. Defendant USPS ("defendant" or "USPS") removed this action to federal court on June 12, 2012. (Doc. No. 1.) On June 26, 2012, defendant moved to dismiss the complaint, asserting this Court lacks subject matter jurisdiction over this action. (Doc. No. 3.) For the reasons that follow, defendant's motion is **GRANTED**.

**I.      BACKGROUND**

Plaintiff's complaint is composed of a single, hand-written paragraph. (Doc. No. 1-2.)  It is difficult to read, but appears to make a "Statement of Claim" as follows:

> Tampering with mailing probably throughing [sic] mail in trash including delivering mail to house. The carrier be sitting over Mr. Kellern's on Liberty. I still haven't received my yr. supply of coffee. Clarence Hodge is the ring leader. Candice Robinson Broomfield Clk. Tell me my mail come from [illegible].

(Doc. No. 1-2.) Plaintiff names a single defendant, the USPS, and seeks $3,000 in damages, plus court costs. (Doc. No. 1-2.)

On June 12, 2012, defendant USPS filed a notice of removal in this Court pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), and 1446. (Doc. No. 1.) Two weeks later, on June 26, 2012, defendant filed a motion to dismiss and/or motion for summary judgment, arguing that plaintiff's complaint should be dismissed because (1) federal law precludes claims against the USPS for improper delivery of the mail; (2) plaintiff failed to file an administrative claim as required under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a); and (3) plaintiff failed to obtain prior approval from the state court to file suit as a result of his designation by the Mahoning County Court of Common Pleas as a vexatious litigator. (Doc. No. 3.)[1] Plaintiff did not oppose defendant's motion.

For the following reasons, the Court finds that removal was proper and grants defendant USPS's motion to dismiss.

## II.     REMOVAL

Pursuant to 28 U.S.C. § 1442(a)(1), a civil action that is commenced in a state court and that is against or directed to the United States or any agency thereof may be removed to the district court of the United States for the district embracing the place wherein it is pending. 28 U.S.C. § 1442(a)(1). To properly remove a civil action to federal court, a defendant must file in the district court a notice of removal containing a short and plain statement of the grounds for removal, along with a copy of all pleadings and orders served upon the defendant, within 30 days of receiving the complaint or summons, or within 30 days of receiving an amended pleading,

---

[1] On July 5, 2012, defendant USPS filed a motion requesting that its motion to dismiss and/or motion for summary judgment be deemed to have been timely filed. (Doc. No. 4.) This Court granted the motion on July 19, 2012.

motion, order or "other paper" from which the removability of the action may first be ascertained. 28 U.S.C. § 1446(a), (b).

The Court finds removal was proper in the instant case. Under the Postal Reorganization Act, the USPS is an "independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. *See also Dolan v. United States Postal Serv.*, 546 U.S. 481, 483 (2006). Therefore, plaintiff's suit against the USPS constitutes an action that is "against or directed to the United States or any agency thereof." 28 U.S.C. § 1442(a)(1). *See e.g., Chinn v. United States Postal Serv.*, No. 1:10-cv-177, 2011 WL 797465 at *2 (S.D. Ohio Jan. 31, 2011) (analyzing negligent delivery of mail claim against USPS that had been removed to federal court pursuant to § 1442(a)(1)); *Clark v. United States Postal Serv.*, No. 3:09CV1537, 2009 WL 5030798 (N.D. Ohio Dec. 14, 2009) (same). Moreover, the complaint was filed on June 1, 2012 and defendant filed its notice of removal on June 12, 2012, well within the 30 day time limit imposed by 28 U.S.C. § 1446(a), (b). Accordingly, and in the absence of any objection from the plaintiff, the Court finds the instant action was properly removed to this Court.

### III.    STANDARD OF REVIEW

Where a defendant raises the issue of lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). *See also DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "A court lacking jurisdiction cannot render judgment but must dismiss the case at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light, Co.*, 495 F.2d 906, 909 (10th Cir. 1974). *See also Kusens v. Pascal Co.*, 448 F.3d 349, 359 (6th Cir. 2006) ("federal courts are under an independent obligation to examine their own jurisdiction").

Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack on subject matter jurisdiction goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations of the complaint as true. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Smith v. Encore Credit Corp.*, 623 F.Supp.2d 910, 914 (N.D. Ohio 2008). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *See Ritchie*, 15 F.3d at 598; *Moir,* 895 F.2d at 269; *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir. 1996). Here, the Court construes defendant's motion to dismiss as a facial attack on this Court's subject matter jurisdiction over plaintiff's claims.

**IV.　ANALYSIS**

In its motion to dismiss, defendant argues this Court lacks subject matter jurisdiction because federal law prohibits a claim against the USPS for alleged misdelivery of mail. For the following reasons, the Court agrees.

As noted above, under the Postal Reorganization Act, 39 U.S.C. § 101, *et seq.*, defendant USPS is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. "Consistent with this status, the Postal Service enjoys federal sovereign immunity absent a waiver." *Dolan,* 546 U.S. at 484. As the Supreme Court has explained, "[a]lthough the Postal Reorganization Act generally waives the immunity of the Postal Service from suit by giving it the power to sue and be sued in its official name . . . the

4

statute also provides that the FTCA shall apply to tort claims arising out of activities of the Postal Service." *Id*. (internal quotation marks and citations omitted).

The FTCA, in turn, waives sovereign immunity under certain circumstances. Section 1346(b)(1), for example, provides federal court jurisdiction for:

> . . . claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). As to claims falling within this jurisdictional grant, the FTCA makes the United States liable "in the same manner and to the same extent as a private individual under like circumstances," though not "for interest prior to judgment or for punitive damages." *See* 28 U.S.C. § 2674; *Dolan*, 546 U.S. at 485.

Although it waives sovereign immunity in some cases, the FTCA also delineates thirteen categories of claims for which the United States may never be sued. These thirteen categories of exempted claims are set forth in 28 U.S.C. § 2680. Of particular relevance to the instant action, the statute provides that "[t]he provisions of this chapter and section 1346(b) of this title shall not apply to . . . [a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).

In the instant case, the Court construes plaintiff's claim as a tort action against the USPS for the "loss, miscarriage, or negligent transmission" of his mail. Plaintiff alleges generally that defendant USPS has thrown his mail in the trash and states that he "still [has not] received my y[ear] supply of coffee." (Doc. No. 1-2.) As set forth above, the United States maintains sovereign immunity for the allegedly negligent mishandling of mail pursuant to § 2680(b). No other state tort claims are asserted in the complaint, and there is nothing before the

5

Court suggesting that the United States has waived its grant of sovereign immunity. Accordingly, this Court lacks subject matter jurisdiction and plaintiff's claims are dismissed on that basis.

Further, even if plaintiff's claims were not barred by sovereign immunity, there is nothing in the complaint suggesting that he has exhausted his administrative remedies. Before a plaintiff may bring an action under the FTCA, he must first comply with the administrative claim requirement, which is a prerequisite to filing a claim under the FTCA. Specifically, 28 U.S.C. § 2675(a) provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." Interpreting this provision, courts have held that "[t]he filing of an administrative claim is jurisdictional and is an absolute, non-waivable prerequisite to maintaining a civil action against the United States for damages arising from the alleged wrongful acts of a federal employee." *Tornichio v. United States*, 263 F.Supp.2d 1090, 1099 (N.D. Ohio 2002) (citing *McNeil v. United States*, 508 U.S. 106 (1993) and *Conn v. United States*, 867 F.2d 916 (6th Cir. 1989)).

Plaintiff herein does not allege in the complaint that he complied with the administrative requirements of the FTCA prior to filing this action, and he did not oppose the defendant's motion to dismiss which clearly raised this issue. Therefore, plaintiff's claims are subject to dismissal for this reason as well.[2]

---

[2] Because the Court grants defendant's motion to dismiss on the basis of lack of subject matter jurisdiction and failure to exhaust administrative remedies, it need not address defendant's argument that plaintiff's complaint should be dismissed because he failed to obtain approval from the Mahoning County Court of Common Pleas prior to filing suit in the Youngstown Municipal Court.

## V. CONCLUSION

Accordingly, for the foregoing reasons, defendant USPS's motion to dismiss (Doc. No. 3) is **GRANTED** and this action is **DISMISSED**. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: November 8, 2012

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides, in pertinent part, "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."